IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH BENNETT                                                                   PETITIONER

VS.                                                    CIVIL ACTION NO. 3:20cv229-HTW-FKB

RONALD KING                                                                    RESPONDENTS

## REPORT AND RECOMMENDATION

Joseph Bennett is a state prisoner who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondents have filed a motion to dismiss the petition as untimely.  [10].  Bennett has failed to respond to the motion  The undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Bennett was convicted in 2009 in the Circuit Court of the First Judicial District of Hinds County, Mississippi, of murder (Count I), aggravated assault (Counts II-V), shooting into an occupied dwelling (Count VI) and felon in possession of a firearm (Count VII).  He was sentenced to a term of life on Count I, 20 years each on Counts II-V, ten years on Count VI, and ten years on Count VII, the sentences on Counts II-VII to run consecutively. The Mississippi Court of Appeals affirmed Bennett's conviction and sentence on August 9, 2011.  *Bennett v. State*, 76 So.3d 736 (Miss. Ct. App. 2011), *reh'g denied*, December 6, 2011.  Bennett sought and was granted an extension of time until January 12, 2012, in which to file a petition for writ of certiorari to the Mississippi Supreme Court. However, he failed to meet the deadline or seek further review. Bennett's § 2254 petition was filed with this court on or after March 25, 2020.[1]

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court.  *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999).  Bennett's petition was signed on March 25, 2020, and it was was file-stamped by this court on March 31, 2020. Thus, it was filed in this court sometime between March 25, 2020, and March 31, 2020.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Bennett ended his appeal process by failing to seek discretionary review by the state supreme court, his conviction became final when his time for doing so expired. 28 U.S.C. § 2244(d)(1)(A); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Pursuant to the supreme court's order, Bennett had until January 12, 2012, in which to file a petition for a writ of certiorari. Therefore, his convictions and sentences became final on that date. Bennett had one year, or until January 14, 2013, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for any period during which a properly-filed motion for post-conviction relief

was pending in the state court.[2]  Bennett filed no motion for post-conviction relief prior to January 14, 2013.[3]  Thus, his one year expired on that day, and his federal petition, filed on or after March 25, 2020, is untimely.  Furthermore, he has not shown that he is entitled to equitable or statutory tolling or that any other exception applies.

Accordingly, it is recommended that the motion to dismiss be granted and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 23rd day of November, 2020..

s/ F. Keith Ball<br>
United States Magistrate Judge

---

[2] January 12, 2013 was a Saturday.  Therefore, Bennett's habeas petition would have been due in this court on the following Monday.

[3] As Respondent point out in their motion, the records of the Mississippi Supreme Court reflect that Bennett filed a motion for post-conviction relief on February 4, 2019.  The motion was denied on May 1, 2019.  Because Bennett's time period for filing a federal petition had already expired, the pendency of the state proceeding had no effect on limitations period for his federal petition.